**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RAMANAND PERSAUD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-05-09-R** |
| | ) | |
| **JOHN DOE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**O R D E R**

Before the Court is the Report and Recommendation of United States Magistrate

Judge Valerie K. Couch entered March 29, 2006 and Plaintiff's Objection to the Report and

Recommendation filed June 26, 2006.  The Magistrate Judge recommended that the separate

motions for summary judgment of Defendants Walker, Kelso and Barby, Defendants Butts

and Goforth, Defendant United States of America and Defendant Parker be granted; that

Plaintiff's claims against Defendants Doe and Williams be dismissed without prejudice for

lack of service of process; and that Plaintiff's motion for sanctions be denied.

Plaintiff objects to the Magistrate Judge's finding that there was no evidence that

Defendant Butt or Defendant Goforth personally participated in the alleged constitutional

violations.  However, Plaintiff's unsworn statement in his Complaint, *see* p. 8, ¶ 37, that Butt

told Plaintiff to write Goforth to explain the situation so that Goforth could attempt to

expedite Plaintiff's transfer or provide medical treatment does not create a genuine issue of

material fact with regard to Defendant Butt's personal participation in the alleged

constitutional violation by deliberate indifference to Plaintiff's serious medical needs.

Moreover, Plaintiff's unsworn statement in his Complaint that Butt indicated she would take steps to get Plaintiff on a flight to Pennsylvania as soon as possible, *id.*, does not create a genuine issue of material fact because Plaintiff has not asserted a claim based on a delay in transporting him to Pennsylvania.

The statement of Defendant Goforth to which Plaintiff refers in his Objection is contained in the Declaration of Tom Goforth, M.D., dated September 23, 2005, see Declaration at ¶ 14, and is clearly based upon Dr. Goforth's retrospective review of Plaintiff's medical records.  It does not create a genuine issue of material fact concerning Defendant Goforth's personal participation in the alleged constitutional violation.

Although Plaintiff objects to the Magistrate Judge's recommendation that the summary judgment motions of Defendants Barby, Kelso, Walker and Parker be granted, Plaintiff has failed to point to any evidence of deliberate indifference by these Defendants of a serious health risk to Plaintiff or evidence which creates a genuine issue for trial. Plaintiff does not object to the Magistrate Judge's findings and conclusions as to Defendants Doe and Williams.

With respect to Plaintiff's negligence claim against the United States, Plaintiff argues that the Medical Report of Duty Status had not expired but simply showed the inclusive dates of treatment to be from December 3, 2002 through December 3, 2003; that Plaintiff asked the R/D Officer to review Plaintiff's medical records but he chose not to do so; that Plaintiff was not told in advance exactly when he would be transferred; that one year from December 3, 2002, Plaintiff should have been on "call-outs" for a physical examination which would

have updated his restrictions, inasmuch as Bureau of Prisons policy requires a physical exam on a yearly basis and due to Defendant's negligence, this was not done; and that Plaintiff has submitted expert testimony in the form of Dr. Perkins' note in Plaintiff's medical records.

The Medical Report of Duty Status, as the Magistrate Judge found, was only effective through December 3, 2003.  If it was important to Plaintiff that the restrictions in that report be extended, Plaintiff could have requested a further medical directive authorizing the use of flexicuffs, as he admits he had done to receive the directive effective through December 3, 2003.  Plaintiff has not demonstrated that he did not have the opportunity to obtain such a continuing directive.  Plaintiff has not produced evidence as to when he had his last physical examination prior to his transfer to FTC OKC nor a copy of the Bureau of Prison policy to which he refers mandating yearly physicals.  Plaintiff has not submitted any evidence that he requested that the R/D Officer check his medical records or any evidence that had the R/D Officer done so, he would have found a directive for the use of flexicuffs effective in February, 2004.  The Court has reviewed Dr. Perkins' consultation note in the context of the notes of other medical personnel made upon and following Plaintiff's arrival FCI Schuylkill.  It is apparent when Dr. Perkins' notes are read in context with prior medical notes of observations of "a well-healed surgical scar" that Dr. Perkins' note that Plaintiff "had shackles on his ankle-leading to bleeding" was what Plaintiff related to Dr. Perkins and that Dr. Perkins' exam revealed "scars around L ankle" and "two . . . screws tenting the skin," which needed "to be removed *soon*."  Plaintiff grossly mischaracterizes Dr. Perkins' notes, purporting (falsely) to quote from them.  Dr. Perkins' notes do not reveal that placing

3

metal shackles on Plaintiff's left ankle caused it to bleed, caused injury to it or was the reason the screws were loose, much less that any negligence by Defendant's employees caused any injury to Plaintiff's ankle or loosening of the screws in it.

The Court has considered the Report and Recommendation of the Magistrate Judge as it pertains to Plaintiff's motion for sanctions *de novo* in light of Plaintiff's Objection and arguments therein and fully concurs in the findings, conclusions and recommendation of the Magistrate Judge.

Having conducted a *de novo* review of the Report and Recommendation of the Magistrate Judge in light of Petitioner's Objection to it, the Court ADOPTS the Report and Recommendation in its entirety, GRANTS the motions for summary judgment [Doc. Nos. 48, 49, 50 and 53] of Defendants Butt and Goforth, Defendants Walker, Kelso and Barby, Defendant United States of America and Defendant Parker on Plaintiff's Complaint; DENIES Plaintiff's motion for sanctions [Doc. No. 61]; and DISMISSES without prejudice Plaintiff's Complaint against Defendants Doe and Williams for failure to effect service.

**It is so ordered this 6th day of July, 2006.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE